UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3041-BO

| | |
|---|---|
| STANLEY L. WILLIAMS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   <u>O R D E R</u><br>) |
| BEVERLY PERDUE, et al.,<br>    Defendants. | )<br>)<br>) |

Stanley L. Williams, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. In reviewing this complaint, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff states that this action has been filed because in 2004, the Honorable Frank W. Bullock, Jr., in the United States District Court for the Middle District of North Carolina issued a writ of habeas corpus granting relief from his criminal judgment. Compl. From this, Williams seeks "immediate stay of the continued illegal incarceration" and 5.5 million dollars in compensatory damages.

To begin, in an order filed July 22, 2011, in the United States District Court for the Middle District of North Carolina, there is a detailed outline of his "lengthy history of litigiousness" within that district. Williams v. Harkleroad, 2011 WL 3360649 (M.D.N.C., July 22, 2011). Williams has filed multiple petitions seeking habeas relief as well as civil rights

actions. Id. It appears from footnote 2 of the order that plaintiff falls into the provisions of 28 U.S.C. § 1915(g). Williams has filed at least 3 prior 42 U.S.C. § 1983 actions which have been dismissed on the grounds the complaint was frivolous, malicious, or fails to state a claim upon which relief may be granted. Williams v. Rogers, 1:03-CV-374 (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), D.E. # 10, 11, 5.30/2003), appeal affirmed on same grounds D.E. 24-26 (Fourth Circuit case 03-7813); Williams v. Griffin, et al., 1:03-CV-218 (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), D.E. # 8, 4./4/2003), appeal on merits dismissed as frivolous D.E. # 15, 16 (Fourth Circuit case 03-6687); Williams v. Canaday, 1:99-CV-605 (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), D.E. # 13, appealed and affirmed D.E. # 19-22 (Fourth Circuit case 99-7563). Thus, unless the prisoner is under imminent danger of serious physical injury he may not proceed with his 42 U.S.C. § 1983 action. 28 U.S.C. § 1915(g). Plaintiff has not asserted any physical injury, but does make a blanket assertion of "imminent danger of physical harm." Compl., V. Relief Sought by Prisoner. However, as stated above, Williams is asserting that a writ of habeas corpus was not properly executed and he should be released from prison, not that he is in imminent danger of physical harm.

Alternatively, under the doctrine established by Heck v. Humphrey, 512 U.S. 477 (1994), if a state prisoner's successful claim for damages under § 1983 " 'would necessarily imply the invalidity of his conviction or sentence,' " such a claim is not cognizable under § 1983 unless the prisoner can demonstrate that his conviction or sentence has already been invalidated. Young v. Nickols, 413 F.3d 416, 418-19 (4th Cir.2005) (quotation omitted). Plaintiff is currently incarcerated within the State of North Carolina Department of Correction for the conviction or convictions at issue in this complaint. Furthermore, this court notes the Middle District has

2

addressed the issues presented today and similar issues now raised in this district many times. See <u>Williams v. Harkleroad</u>.

Accordingly, for the above stated reasons, the matter is DISMISSED under the provisions of 28 U.S.C. § 1915(g). Having so determined, all other pending motions are MOOT (D.E. # 3).

SO ORDERED, this the _7_ day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE